UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————

HAFEEZ TWAHIR,

                    Plaintiff,

        - against -                    10 Civ. 9452(JGK)

VILLAGE CARE OF NEW YORK, INC.,

                    Defendant.         <u>MEMORANDUM OPINION AND
                                            ORDER</u>

————————————————————————————————

JOHN G. KOELTL, District Judge:

    The plaintiff, Hafeez Twahir, moves to amend his complaint

against the defendant, Village Care of New York, Inc., to add a

claim for retaliation for bringing this lawsuit.  The claim

alleges a violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. §2000e-3, N.Y. Exec. Law § 296(7), and N.Y.C.

Admin. Code § 8-107(7).


                              I.


    Leave to amend should be freely granted when justice

requires.  <u>See</u> Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S.

178, 182 (1962); <u>Nerney v. Valente & Sons Repair Shop</u>, 66 F.3d

25, 28 (2d Cir. 1995).  Leave to amend can be denied upon a

showing of "undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing

                              1

party by virtue of allowance of the amendment, [or] futility of amendment." <u>Foman</u>, 371 U.S. at 182.

The defendant opposes the motion on the ground that any such claim would futile.  However, the standard for determining futility is comparable to the standard for deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  <u>See</u> <u>Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.</u>, 404 F.3d 566, 604 (2d Cir. 2005)(quoting <u>Rotblut v. 333 E. 66th St. Corp.</u>, 1996 WL 586353, at *1 (S.D.N.Y. Oct. 11, 1996)).  In this case, while the defendant alleges that the amendment would be futile, the defendant does so by wandering far from the proposed amended complaint and submitting an affidavit that makes additional factual allegations and submits additional documents.  While those materials would be admissible on a motion for summary judgment, they would not be considered properly on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  <u>See</u> <u>Lefkowitz v. Bank of New York</u>, 676 F. Supp. 2d 229, 248-49 (S.D.N.Y. 2009)(citations omitted)("When addressing a Rule 12(b)(6) motion, the court may not consider evidence proffered by the moving party or its opponent.").  Therefore, the Court cannot determine at this point that the plaintiff's amendment would be futile.

The defendant also asserts that there is no good cause to vary from the Scheduling Order in this case, which directed that no additional parties or causes of action were to be asserted after April 15, 2011, except for good cause shown.  However, the plaintiff has shown more than sufficient good cause.  The plaintiff asserts that the precipitating event for the new claim was a letter from the defendant dated April 15, 2011, and that there was subsequent correspondence.  There was thus good cause for not asserting the claim by April 15, 2011.  Moreover, the additional claim requires little additional discovery and the discovery cut-off date is September 30, 2011, more than ample time to complete discovery on the new claim as well as all other issues.  Therefore, it would make no sense to require the plaintiff to bring a new lawsuit to pursue this claim, rather than grant him leave to amend.

### Conclusion

The motion to file an amended complaint is granted.  The plaintiff should file the amended complaint promptly.  The defendant should answer or move with respect to the amended complaint by July 22, 2011.  The Clerk is directed to close Docket No. 17.

SO ORDERED.

Dated:     New York, New York
           July // , 2011

                                   _____
                                        John G. Koeltl
                                   United States District Judge

4